UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MALDEN TRANSPORTATION, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>Defendant. | CASE NO. C18-1592RSM<br><br>ORDER GRANTING MOTION TO COMPEL<br><br>UNDERLYING ACTION:<br>CASE NO. 16-cv-12538-NMG (D. Mass.) |

## I.  INTRODUCTION

This matter is before the Court on Defendant Uber Technologies, Inc.'s Motion to Compel Documents from Third-Parties Medallion Bank and Medallion Capital. Dkt. #1. The Motion relates to ongoing litigation in the United States District Court for the District of Massachusetts. Plaintiffs are owners of taxi medallions and allege that the value of those medallions has been harmed due to Defendant operating its ridesharing service in Boston. Defendant seeks to compel production of documents from Medallion Capital, Inc., and Medallion Bank (collectively, the "Banks"). Dkt. #1. The Banks have opposed the Motion. Dkt. #4. Neither party has requested oral argument and the Court finds oral argument unnecessary to its resolution of the Motion. After considering the Motion and for the following reasons, the Motion is granted.

ORDER – 1

## II. BACKGROUND

As noted, this Motion arises from an underlying action in which Plaintiffs allege that Defendant's operations in Boston, Massachusetts, have harmed the value of their taxi medallions. In their initial disclosures, several Plaintiffs identified the Banks as potentially possessing relevant information. Defendant also believes that the Banks possess documents relevant to the underlying action because the Banks have loaned several Plaintiffs funds used to acquire medallions or loans secured by the medallions. Defendant believes that the value of the medallions in the market—and any decrease caused by Defendant—is dependent on several factors that are in constant flux. Defendant believes that the Banks are likely to regularly analyze the overall value of medallions to make their lending decisions and that this information is relevant to the underlying action.

Defendant issued subpoenas to the Banks in June, 2018, seeking to depose the Banks and for the production of various documents related to Plaintiffs and Plaintiffs' loans. The Banks have not appeared for their depositions, produced documents, nor objected to the subpoenas. Defendant and the Banks have been in contact and have negotiated about extensions and the scope of the subpoenas, but have not come to an agreement acceptable to the Banks. The Banks have made clear that at least one of the Banks has responsive records.

## III. DISCUSSION

1. **Legal Standard**

Attorneys issuing subpoenas have a duty to "avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Further, subpoenas are limited by the scope of discovery allowed under Federal Rule of Civil Procedure 26. Under that rule,

"[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Upon receiving a subpoena, recipients may comply, submit an objection, or move to quash or modify the subpoena. Fed. R. Civ. P. 45(d). In the ordinary case, a recipient's failure to timely object waives the right to object later. *McCoy v. Southwest Airlines*, 211 F.R.D. 381, 385 (C.D. Cal. 2002) ("[A] nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objection, including attorney-client privilege, has been waived."). Upon failing to obey a lawful subpoena without an adequate excuse, a recipient may be held in contempt. Fed. R. Civ. P. 45(g).

Here, the Banks have not complied with the subpoenas, have not objected to the subpoenas, and have not sought to quash or modify the subpoenas.[1] Instead, after Defendant brought a motion to compel, the Banks clarify that one of the Banks does not make taxi medallion loans and that the Banks are willing to respond to the requests. Dkt. #4 at 7–8. But the Banks also argue, without any factual or legal support, that they are entitled to greater protection as non-parties to the underlying action, that Defendant should have to prove that Plaintiffs do not possess the documents, and that the subpoenas are overly broad and burdensome. Dkt. #4 at 4–7.

The Banks' arguments overextend the factually distinct cases they rely on. Where a party establishes that information is equally available from a party and a non-party, the non-party should not be inconvenienced. *See Arista Records LLC v. Lime Grp. LLC*, No. C10-2074MJP,

---

[1] Astoundingly, the Banks close their response by indicating: "Medallion Bank is willing to provide the complete loan documents for any Owners who were recipients of loans from Medallion Bank for the relevant time period, as well as direct Uber to information from its public disclosures that are sufficient to show Medallion's valuation of medallions in the Boston and Cambridge area." Dkt. #4 at 7. The Banks offer absolutely no explanation for their continued failure to do so.

ORDER – 3

2011 WL 679490 (W.D. Wash. Feb. 9, 2011). And a party to the action should bear the burden of producing the information instead of a non-party where there is no evidence that the party cannot produce all relevant information. *See Campagnolo S.R.L. v. Full Speed Ahead, Inc.*, C08-1372RSM, 2010 WL 11527270 (W.D. Wash. Jan 4, 2010). But these orders turned on the evidentiary record before the Court in those cases. The Banks have not provided any evidence in support of their speculative and conclusory arguments that the information is available from Plaintiffs or that the burdens of their compliance are disproportionate to the needs of the case. These unsupported arguments should not be raised to justify the Banks' failure to comply with lawfully issued subpoenas and, if they had any basis in fact, could have been raised by objection or by seeking to quash or modify the subpoenas.

The Court will grant Defendant's Motion and require that the Banks respond in full within seven days of this Order. Even with the right to require the Banks' full compliance, the Court is confident that Defendant will continue to cooperate with the Banks to minimize—proportionate to its needs—the burden and expense of compliance.

## IV. CONCLUSION

Having reviewed the Motion, along with the remainder of the record, the Court hereby finds and ORDERS that **no later than seven (7) days from the date of this Order**, Medallion Capital, Inc., and Medallion Bank shall fully comply with the subpoenas served by Uber Technologies, Inc.

DATED this 6 day of November, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 4